

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| TAURUS LEWIS,<br>    Plaintiff,<br><br>vs.<br><br>RICHLAND COUNTY RECREATION<br>COMMISSION; and JAMES BROWN III,<br>DAVID STRINGER, and TARA DICKERSON,<br>in their individual capacities,<br>    Defendants. | §<br>§<br>§<br>§ CIVIL ACTION 3:16-2884-MGL-TER<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING LEWIS'S MOTION FOR SUMMARY JUDGMENT,
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

This case arises out of Plaintiff Taurus Lewis's (Lewis) employment with Defendant Richland County Recreation Commission (the Rec. Commission). Defendant James Brown III (Brown) was the Executive Director of the Rec. Commission; Defendant David Stringer (Stringer) served as its Division Head of Human Resources during the relevant time period; and Defendant Tara Dickerson (Dickerson) was appointed Chief of Staff, effective January 6, 2016.

Lewis brings the following causes of action in his amended complaint: race discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000(e), a violation of the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, defamation, and civil conspiracy. Lewis and Defendants subsequently each filed a motion for summary judgment.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Lewis's motion for summary judgment be denied, and Defendants' motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate Judge recommends Defendants' motion be denied as to Lewis's retaliation and defamation claims, and granted as to his race discrimination, FMLA, and civil conspiracy claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 30, 2018; both Defendants and Lewis filed their objections to the Report on August 13, 2018; they filed their replies to the opposing parties' objections on August 27, 2018, and Defendants filed "Defendants' Motion to Reconsider," which the Court construes as supplemental objections, on the same date. The Court has reviewed the objections from both Defendants and Lewis, but holds them all to be without merit, except for Lewis's objection concerning his race discrimination claim. It will, therefore, enter judgment accordingly.

## II. DEFENDANTS' OBJECTIONS

### A. Lewis's retaliation claim

Defendants' one objection in their initial submission concerns the Magistrate Judge's suggestion the Court deny their motion for summary judgment on Lewis's Title VII retaliation claim. According to Defendants, "[n]o evidence supports the conclusion that[,] but for any protected action, Lewis suffered an adverse employment action." Objections 3.

For Lewis to prevail on his job discrimination and retaliation claims, he must satisfy the three-step proof scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). "First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination [or discrimination]." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). "Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for [its decision]." *Id*. at 253 (citation omitted) (internal quotation marks omitted). "Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination [or retaliation]." *Id*.

"To establish a prima facie case of retaliation, a plaintiff must prove three elements: (1) that [he] engaged in protected activity, (2) that an adverse employment action was taken against [him], and (3) that there was a causal link between the protected activity and the adverse employment action." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998)

There is no dispute Lewis was engaging in protected activity, both (1) when he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and (2) when he

participated in an investigation of a sexual harassment claim against Brown. Further, he suffered an adverse employment action when he lost his position as Division Head of Facility Operations, was offered a lesser position as Director of Maintenance, and was ultimately terminated. He has, thus, satisfied the first two elements of making out a prima facie Title VII retaliation claim.

Defendants contend they were unaware Lewis had filed his claim with the EEOC when they decided alter his job assignment. Assuming without deciding that is true, the Court turns to Defendants' argument there is no causal link between Lewis's participation in the investigation of the sexual harassment claim against Brown and Defendants' decision to remove him from the Division Head position.

Defendants maintain Lewis met with Linda Edwards (Edwards), the attorney investigating the claim against Brown, approximately three months prior to making Lewis's job reassignment. According to them, such a large time gap between the protected activity and the alleged discrimination is insufficient to establish Lewis's claim.

But, Edwards did not submit her findings in a report to the Rec. Commission board until April 4, 2016. Lewis testified Brown "made a statement that he knew everything that everybody said in that report because he knows exactly how it was said. And everybody that said something about him, he was going to deal with them." Report 5 (citation omitted) (internal quotation marks omitted).

On April 5, 2016, the day after Edwards made her report, Lewis was suspended with pay pending an investigation into complaints made against him by some of his employees. On April 14, 2916, Stringer, the Division Head of Human Resources, and Dickerson, the Chief of Staff, notified

4

Lewis the investigation was complete and it was determined the it was in the best interest of Lewis and the Rec. Commission for him to be moved to the Director of Maintenance position.

To recap, the evidence establishes just days, not months, had passed after Edwards's report concerning Brown's alleged sexual harassment when Defendants took an adverse employment action against Lewis. It is well established "a causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity[,]" *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004), *abrogation on other grounds recognized by Foster v. Univ. of Md.–E. Shore*, 787 F.3d 243, 299 (4th Cir. 2015). Therefore, the Court will overrule this objection.

Defendants neglect to challenge the Magistrate Judge's recommendation in regards to the other two parts of the *McDonnell Douglas* framework, so the Court need not address that portion of the Report.

### B. Lewis's defamation claim

In Defendants' supplemental objections, they make one additional argument: "Lewis does not have a defamation claim because [the Rec. Commission] officials were simply exercising their given discretion to do their jobs." More specifically, Defendants cite to a recently decided case, *Paradis v. Charleston Cty. Sch. Dist.*,— S.E.2d—, 2018 WL 3636581, at *2 (S.C. Ct. App., Aug. 1, 2018), for the proposition Lewis's defamation claim against Defendants should be dismissed because that which Lewis "alleges were defamatory were discretionary acts by governmental employees." *Id*.

The South Carolina Torts Claim Act (SCTCA) provides a "governmental entity is not liable for a loss resulting from . . . the exercise of discretion or judgment by the governmental entity or

5

employee." *Id*. § 15-78-60(5). Section 15–78–70(a) states "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15–78–70(a). Subsection (b) declares: "Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15–78–70(b).

The Court agrees with the Magistrate Judge's suggestion an issue of material fact exists as to whether Brown was acting within the scope of his official duties when he allegedly defamed Lewis. As such, to grant Defendants summary judgment on Lewis's defamation claim based on Defendants' argument here would be inappropriate. Therefore, the Court will also overrule this objection.

## III. LEWIS'S OBJECTIONS

### A. Lewis's race discrimination claim

Lewis makes three objections to the Report. First, he "objects to the Magistrate's determination that [he] failed to establish a claim of race discrimination under Title VII." Objections 4.

To demonstrate a prima facie case of race discrimination, Lewis must show: "(1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) at the time of the adverse action, he was performing his job at a level that met his employer's legitimate expectations . . . ; and (4) [the adverse employment action occurred] under circumstances giving rise to an inference of

unlawful discrimination." *Adams v. Trustees of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). As the Magistrate Judge observed, "the circumstances giving rise to an inference of unlawful discrimination vary." Report 11.

The Magistrate Judge determined Lewis had failed to establish the fourth element of a prima facie claim for race discrimination: the adverse employment action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams*, 640 F.3d at 558. In Lewis's objections, he makes an argument he failed to present to the Magistrate Judge: the Division Head of Facility Operations remained vacant after it was taken from him. Defendants failed to respond to this new contention in their reply.

The Fourth Circuit has long held the "inference of unlawful discrimination" portion of the prima facie test is met when the position remains open after the plaintiff's removal. *See Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir.1989). Thus, the burden shifts to Defendants to offer a legitimate, nondiscriminatory reason for its decision to move Lewis from the Division Head of Facility Operations to the lesser position as Director of Maintenance. *See Burdine*, 450 U.S. at 53.

According to Defendants, they moved Lewis from the Division Head position because they thought it best he no longer supervise the employees who had made complaints against him. With this, the burden shifts back to Lewis to show the reason offered by Defendants is not the true reason for his demotion, but is a pretext for race discrimination. *See id*.

The record shows: (1) the investigation concerning the complaints made by Lewis's employees was inconclusive, thus calling into question whether the reason given by Defendants for demoting Lewis is the true reason; (2) Lewis had good performance reviews prior to his demotion;

7

and (3) Lewis's allegations of Brown's racially charged language. This evidence, when considered together with other evidence in the case, is enough to establish Lewis's claim of pretext. Therefore, the Court will sustains Lewis's objection and allow his race discrimination claim to go forward..

**B.    Lewis's FMLA claim**

In Lewis's second objection, he "objects to the Magistrate's determination that [he] failed to establish an FMLA claim." Objections 7.

The Magistrate Judge's recommendation assumes Lewis established a prima facie case of a FMLA discrimination claim and Defendants presented a legitimate, nondiscriminatory reason for its decision to terminate him. Thus, to survive summary judgment, Lewis must show that the reason Defendants gave for his termination of employment was pretext for a retaliatory reason relating to his use of FMLA leave.

The Magistrate Judge has already considered the arguments and evidence Lewis presents in his objections and recommends the Court grant summary judgment on this claim. The Court agrees with the Magistrate Judge. As the Magistrate Judge noted, "[i]t is undisputed that [the Rec. Commission] made the decision to move [Lewis] to the Director of Maintenance position prior to him taking the FMLA leave, and [Lewis] declined this position prior to taking his FMLA leave." Report 23.

It is axiomatic there can be no causal connection when the employer's decision was made prior to the employee's exercise of his protected rights. And, "[e]mployers need not suspend previously planned transfers upon discovering that a [discrimination] suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no

evidence whatever of causality." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001). "Further undercutting [Lewis's pretext argument is the fact that even after he exhausted his twelve weeks of FMLA leave, [the Rec. Commission] allowed him Extended Disability Leave of Absence." Report 24. Therefore, the Court will also overrule this objection.

### C. Lewis's civil conspiracy claim

Third, Lewis "objects to the Magistrate's determination that there is no issue of fact as to special damages for the civil conspiracy claim." Objections 9.

"The elements of a civil conspiracy in South Carolina are (1) the combination of two or more people, (2) for the purpose of injuring the plaintiff, (3) which causes special damages." *Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (2006). "[B]ecause the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) (citation omitted).

Simply put, Lewis has failed to satisfy the "special damages" requirement. As the Magistrate Judge observed, "[a]lthough [Lewis's] allegations of ostracization, isolation, embarrassment, or humiliation as a result of the civil conspiracy were sufficient to state a claim at the pleadings stage, the record as presented is insufficient to create an issue of fact as to these allegations and, thus, summary judgment in Defendants' favor is appropriate." Report (citing *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 256 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.")).

Stated differently, Lewis has neglected to establish the purported damages arising from his civil conspiracy claim are any different from the damages he allegedly suffered under his other claims. Hence, the Court will overrule this objection, too.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules all of the parties' objections, except Lewis's objection concerning his race discrimination claim, adopts the Report to the extent it does not contradict this Order, and incorporates it herein.

Therefore, it is the judgment of this Court Lewis's motion for summary judgment is **DENIED**, and Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants' motion is denied as to Lewis's race, retaliation, and defamation claims, and granted as to his FMLA and civil conspiracy claims.

The Court hastens to note its decision declining to follow the recommendation regarding Lewis's race discrimination claim is not caused by any error whatsoever by the learned Magistrate Judge. Lewis made arguments on his race discrimination to this Court he neglected to make to the Magistrate Judge.

**IT IS SO ORDERED**.

Signed this 5th day of September, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
